CARROLL, DONALD K., Acting Chief Judge.
The defendant in an action for overtime compensation has appealed from an adverse final judgment entered by the Circuit Court for Bay County, based upon a jury verdict.
The sole point presented for our determination in this appeal is whether, where the plaintiff by his complaint and under the evidence asserts two claims for relief and seeks recovery of damages for overtime compensation under two theories of recovery, one for breach of contract and the other under the federal Fair Labor Standards Act, the trial court' committed reversible, error in applying the statute of limitations found in the said federal act as to both causes of action.
In his complaint, which was filed on December 15, 1964, the plaintiff seeks damages for overtime compensation under two theories of recovery, the first theory being that the defendant was required to pay such compensation under the provisions of the Fair Labor Standards Act (29 U.S.C., Secs. 201-219) and, under the second theory the plaintiff predicates his claim for such compensation upon a breach of his contract with the defendant.
Under the first theory of recovery, the applicable statute of limitation is that in 29 U.S.C. Sec. 255, which provides that an action under the Fair Labor Standards Act “shall be forever barred unless commenced within two years after the cause of action accrued.” Under the second theory of recovery, the applicable statute is Sec. 95.-11(7) (b), which provides that suits “for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime” shall be commenced within one year after the cause of action has accrued. Thus, since this action was commenced on December 15, 1964, claims accruing under the first theory before December 15, 1962, and claims accruing under the second theory before December 15, 1963, are barred by the applicable statute of limitations. In addition, the parties hereto stipulated that the defendant’s stores were not subject to or covered by the maximum-hours provision of the Fair Labor Standards Act until September 3, 1963, so claims accruing before the last date are barred by operation of the stipulation, as well as by the terms of the statute of limitations in the said federal act.
In his complaint, filed on December 15, 1964, the plaintiff alleges that his action “arises under the Fair Labor Standards Act (29 U.S.C. Secs. 201-209). * * *”; that the defendant is engaged in the retail grocery business in interstate commerce; that the plaintiff’s contract of employment with the defendant provided for a 42^4 hour week, but the plaintiff was required by the defendant to work in excess of 42)4 hours a week by from one to about 30 hours each week, the defendant refusing to pay anything to the plaintiff for such overtime; that, since September 17, 1962, the plaintiff has accumulated 1028 hours of overtime, for which, under Section 7 of the Fair Labor Standards Act, he is entitled to compensation at the rate of one and a half *212 times the regular pay at which he was employed, or $3.81 per hour for the 1028 hours of overtime, all of which the defendant has refused to pay.
The plaintiff’s complaint consists of but one count, and that count, in our opinion, is based squarely upon the provisions of the Fair Labor Standards Act. Consequently, the two-year statute of limitations provided in the said Act is applicable to the cause of action before us, so that only claims for overtime accruing since December 15, 1962, may be recovered for in the case at bar.
In its appellate brief the appellant-defendant opens its argument by contending that this court in a recent decision recognized “in an almost identical case” that the plaintiff has a “ ‘double barrel’ claim.” The decision in question is Great Atlantic & Pacific Tea Co. v. Nobles, 202 So.2d 603 (1967), certiorari denied without opinion by the Florida Supreme Court as reported in 210 So.2d 225 (1968).
It is true that the factual situation involved in the Nobles case, supra, and that here are comparable in many respects, but the judicial problem which we confronted in that case was very different from that before us in the case at bar. In the Nobles case we found that Nobles’ judgment was based upon incompetent evidence of his overtime, and so we reversed that judgment and remanded the cause with directions for further proceedings consistent with the views stated in our opinion. We indicated in our opinion that we were not passing upon the question of whether the applicable statute of limitations was that in the Florida Statutes or that provided in the federal Fair Labor Standards Act, because we were reversing the judgment appealed from on account of the incompetency of the evidence admitted at the trial, so there was no necessity to pass upon the statute of limitations question.
In any event, we have closely examined the plaintiff’s complaint in the case at bar and think that the complaint is expressly and clearly based upon federal Fair Labor Standards Act and that the two-year statute of limitations provided for therein is applicable in the present case. While not required to do so in the posture of this appeal, we have examined the evidence adduced at the trial and find that there is sufficient competent and substantial evidence of unpaid overtime not barred by the two-year statute of limitations to support the jury verdict and the final judgment based thereon and appealed from herein. Therefore, that judgment must be and it is
Affirmed.
RAWLS and JOHNSON, JJ., concur.