George W. BELL, Jr., James E. Brewton, et al., Plaintiffs-Appellants-Cross-Appellees,

v.

AERODEX, INC., Defendant-Appellee-Cross-Appellant.

No. 72-1436.

United States Court of Appeals, Fifth Circuit.

Feb. 12, 1973.

Robert W. Rust, U. S. Atty., Miami, Fla., Richard F. Schubert, Sol. of Labor, U. S. Dept. of Labor, Washington, D. C., Beverly R. Worrell, Regional Sol., Roger J. Martinson, Atty., U. S. Dept. of Labor, Atlanta, Ga., Greer Goldman, Appellate Section, Alan S. Rosenthal, Civil Div., Dept. of Justice, Washington, D. C., for plaintiffs-appellants-cross-appellees.

Joseph Z. Fleming, Miami, Fla., for defendant-appellee-cross-appellant.

Before DYER, SIMPSON and CLARK, Circuit Judges.

DYER, Circuit Judge:

Appellants are seven reemployed veterans who, represented by the Department of Justice pursuant to 50 U.S.C.A. App. § 459(d), filed separate suits under 50 U.S.C.A. App. § 459 [1] against

---

1. 50 U.S.C.A.App. § 459(c)(2) provides, in part, that a returning veteran:
    should be so restored in such manner as to give him such status in his employment as he would have enjoyed if he had continued in such employment continuously from the time of his entering the armed forces until the time of his restoration to such employment.

their employer Aerodex, Inc., to recover back wages allegedly due them by virtue of certain periodic wage increases incorporated in various applicable collective bargaining agreements.[2] The district court, holding that the suits were equitable proceedings and being guided by the Florida three-year statute of limitations applicable to liabilities created by statute, found for the veterans but limited their recovery to those wages which accrued within the three years immediately preceeding the bringing of the suits. Because we feel that each suit was time-barred under the Florida one-year statute of limitations, which is applicable to suits for the recovery of wages,[3] the judgments of the district court are reversed.

■■ Because the Military Selective Service Act of 1967, 50 U.S.C.A. App. §§ 451 et seq., which enumerates the reemployment rights of veterans, contains no statute of limitations of its own, the federal courts must look to the statutes of limitations of the state in which the controversy arose. Blair v. Page Aircraft Maintenance, Inc., 5 Cir. 1972, 467 F.2d 815; accord, Hire v. E. I. DuPont De Nemours & Co., 6 Cir. 1963, 324 F.2d 546; Delman v. Federal Products Corp., 1 Cir. 1958, 251 F.2d 123. Deciding which statutory period is appropriate,

however, is a two-step process. First with reference to federal law, we must determine the "essential nature" of the claim. Then we refer to the state court interpretations of that state's "statutory catalogue" to ascertain which period would be applicable to a claim similar to the one before the court. Blair, supra. See also, Sewell v. International Association of Machinists, 5 Cir. 1971, 445 F.2d 545, 549, cert. denied, 1972, 404 U.S. 1024, 92 S.Ct. 674, 30 L.Ed.2d 674; McGuire v. Baker, 5 Cir. 1970, 421 F.2d 895, 898, cert. denied, 400 U.S. 820, 91 S.Ct. 37, 27 L.Ed.2d 47; Beard v. Stephens, 5 Cir. 1967, 372 F.2d 685, 688.

From the pleadings and briefs filed herein it is clear that the only relief requested, and the only alleged benefit not completely restored by Aerodex, was back wages. As counsel for the claimants, the Government acknowledges the limited relief sought, but argues that the nature of these claims is permeated with the remedial character of the whole act because a veteran "sues not simply as an employee under a collective bargaining agreement, but as a veteran asserting special rights bestowed upon him in furtherance of a federal policy to protect those who have served in the Armed Forces." McKinney v. Missouri-K.-T.R.R., 1958, 357 U.S. 265, 268–269, 78

---

2. The veterans sought to have the time they spent in the armed forces credited to their "active service" time with Aerodex. This would have increased their pay under the collective bargaining agreements in two ways. First, Aerodex employees receive a $.01 per hour wage increase for every year of active service over four, up to a maximum increase of $.10 per hour. Secondly, employees receive a $.05, $.06, or $.07 wage rate increase (depending on the agreement) for every six months of active service with Aerodex, until the maximum rate for an employee's classification is attained. Aerodex refused to credit the military time and argued in the district court, and here on a cross appeal, that these raises are related solely to proficiency acquired through on-the-job experience. Proof of this relationship, they contend, is found in the record and allows them to deny granting the increases. Compare Altgens v. Associated Press, 5

Cir. 1951, 188 F.2d 727, with Moe v. Eastern Air Lines, Inc., 5 Cir. 1957, 246 F.2d 215, cert. denied, 1958, 357 U.S. 936, 78 S.Ct. 1380, 2 L.Ed.2d 1550. Because of our disposition of the case, we decline to express any view on the merits.

3. Fla.Stat.Ann. § 95.11 provides in part:
Actions other than those for the recovery of real property can only be commenced as follows:
 *     *     *     *     *
(5) Within three years.—
(a) An action upon a liability created by statute, other than a penalty or forfeiture:
 *     *     *     *     *
(7) Within one year.—
 *     *     *     *     *
(b) Suits for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime.

S.Ct. 1222–1225, 2 L.Ed.2d 1305. The Government concludes by asserting that, since it is the unusual suit in which a veteran is seeking only wages, determining the "essential nature" of the claim by looking solely to what is in fact being claimed will lead to inconsistencies in the application of statutes of limitations to veterans reemployment cases.

We recognize that calling this a "wage case" might lead to a result different from that which would be reached if we termed the case a "suit for the restoration of veterans rights," but such a difference is nowhere proscribed by federal law. In fact, it is just such differences in the remedy sought that dictate whether the case will be considered an action at law or a proceeding in equity. *Compare Blair, supra* (back wages), *Hire, supra* (severance pay), and Alvado v. General Motors Corp., S.D.N.Y.1961, 194 F.Supp. 314, aff'd, 2 Cir. 1962, 303 F.2d 718, cert. denied, 371 U.S. 925, 83 S.Ct. 293, 9 L.Ed.2d 233 (vacation allowance pay), *with* Witty v. Louisville & N.R.R., 7 Cir. 1965, 342 F.2d 614 (seniority), Leonick v. Jones & Laughlin Steel Corp., 2 Cir. 1958, 258 F.2d 48 (reinstatement plus damages), *and* Conseglio v. Pennsylvania R.R., S.D.N.Y. 1962, 211 F.Supp. 567 (seniority). *But cf.* Donner v. Levine, 2 Cir. 1956, 232 F.2d 185. *See also Delman, supra* (reinstatement plus damages); Hicks v. United States Radiator Co., E.D.Mich.1955, 127 F.Supp. 429 (reinstatement plus damages). Consequently, cognizant of the fact that the remedial nature of the Act requires that it be liberally construed (*see* Fishgold v. Sullivan Drydock & Repair Corp., 1946, 328 U.S. 256, 284–285, 66 S.Ct. 1105, 90 L.Ed. 1230), we conclude that because only back wages are sought, the essential nature of each *claim* is one for wages.

We now turn to the question of which statute of limitations is applicable. Because these controversies arose in Florida we are asked to choose from one of two Florida time periods; section 95.11(5)(a) provides a three-year period for liabilities created by statute and section 95.11(7)(b) establishes a one-year period for actions "for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime." The Government contends that, although the actions are for wages, they are not for wages "accruing under a law respecting the payment of wages." However reasonable this interpretation may seem, it has been specifically precluded by the Florida Supreme Court decision in Broward Builders Exchange, Inc., v. Goehring, Fla.1970, 231 So.2d 513. That court stated that even though 95.11(7)(b) may have been partially aimed at suits brought under the Fair Labor Standards Act (*see* Ott v. Freeman & Son, Inc., S.D.Fla.1946, 68 F. Supp. 445), when the FLSA acquired its own statute of limitations (*see* Great Atlantic & Pacific Tea Co. v. Mauldin, Fla.App.1969, 218 So.2d 210), the Florida statute of limitations continued to apply to other claims for wages. The opinion concluded:

> [t]hus we hold that § 95.11(7)(b) was intended to apply to *all* suits for wages or overtime, *however accruing,* as well as to suits for damages and penalties accruing under the laws respecting the payment of wages and overtime.

231 So.2d at 515 (emphasis added). Because these suits are essentially claims for back wages, we hold that the Florida one-year statute of limitations is applicable.

Before discussing the application of this one-year period to the facts before us, it is necessary to state the effect of this requirement. The district court considered the action to be an equitable proceeding and used the statute of limitations as a guide in the application of laches to limit recovery. Because only monetary relief was sought, however, the action is one at law. *Blair, supra.* As such, unless each individual's suit was commenced within one year of the accrual of his cause of action, that suit will be barred.

Ordinarily, a cause of action accrues when the plaintiff could first have successfully maintained a suit based on that cause of action. In the absence of a contrary suggestion from either party, this would normally occur in a reemployment case when the veteran is first denied the full measure of his rights. From the face of the record, it is clear that no claimant brought his suit within one year of the date of his return to employment with Aerodex,[4] and from the trial transcript, it is equally clear that when rehired, or soon thereafter, each veteran was informed that he was not going to receive the now disputed wage rate increases. Howard, for example, was the last to return to work for Aerodex, reclaiming his old job without the pay increases on December 17, 1968. In most situations, this would start the running of the statute of limitations. The seven suits were not filed, however, until March 15, 1971. Thus the delays ranged from two years and three months in Howard's case, to over thirteen years in Racz's case.

The Government has advanced three theories to avoid the absolute bar of the limitation period. First, it contends that the one year of "mandatory reemployment" required by the Selective Service Act delays the accruing of each veteran's cause of action.[5] Secondly, it argues that, from each veteran's date of reemployment to the date in the fall of 1969 when the cases were submitted to the United States Department of Labor, the statute of limitations was tolled because of the alleged misrepresentation or fraudulent concealment by Aerodex of the meritorious nature of the veterans' claims for wage rate increases and because of the veterans' "blameless ignorance" of their rights. Finally, the Government originally contended that its own two and one-half year delay in bringing the suits should not be attributed to the veterans, but should instead toll the running of the statute. It now concedes, however, that *Blair* has foreclosed this contention and that that decision requires us to charge the Government's delay against the veterans it represents.[6] Consequently, assuming,

4.

| EMPLOYEE | DATE BEGAN EMPLOYMENT | DATE ENTERED MILITARY SERVICE | PERIOD OF REEMPLOYMENT |
|---|---|---|---|
| Racz | Oct. 30, 1953 | Nov. 25, 1955 | Sept. 16, 1957—present |
| Vining | April 16, 1956 | Dec. 5, 1958 | Nov. 29, 1960—Oct. 13, 1961 |
|  |  | Oct. 29, 1961 * | Aug. 20, 1962—Feb. 12, 1971 |
| Riggins | May 16, 1957 | July 31, 1958 | Nov. 27, 1961—Sept. 18, 1970 |
| Felton | Jan. 1, 1960 | Sept. 5, 1961 | Nov. 11, 1963—Feb. 12, 1971 |
| Brewton | Sept. 15, 1958 | May 18, 1962 | April 27, 1964—Feb. 19, 1971 |
| Bell | Aug. 30, 1965 | Sept. 24, 1965 | Oct. 11, 1967—Nov. 14, 1969 |
| Howard | April 8, 1965 | Nov. 19, 1965 | Dec. 17, 1968—Dec. 19, 1969 |

* Vining reentered military service in 1961 and again secured reemployment with Aerodex upon discharge.

5. 50 U.S.C.A.App. § 459(c)(1) provides that a reemployed veteran "shall not be discharged from [his] position without cause within one year after such restoration." *See* Oakley v. Louisville & N. R. R., 1949, 338 U.S. 278, 70 S.Ct. 119, 94 L.Ed. 87; Trailmobile Co. v. Whirls, 1947, 331 U.S. 40, 67 S.Ct. 892, 91 L.Ed. 1328. *See also* Accardi v. Pennsylvania R. R., 1966, 383 U.S. 225, 232–233, 86 S.Ct. 768, 15 L.Ed.2d 717.

6. It should be noted that the stated policy behind the *Blair* decision on this point is recognized by Florida courts (*see, e. g.,* Foremost Properties, Inc. v. Gladman, Fla.App.1958, 100 So.2d 669, 672), by other Fifth Circuit decisions (*see, e. g.,*

without deciding, that we should delay the accruing of each veteran's cause of action for one year, and further assuming that, prior to the submission of the cases to the Department of Labor, the statute of limitations was tolled by misrepresentations or blameless ignorance, the Government's delay until March 15, 1971, bars all seven veterans from any recovery in this case.

The judgments of the district court are reversed and the cases are remanded with directions to dismiss the complaints.

Reversed and remanded with directions.

Federal Reserve Bank v. Atlanta Trust Co., 5 Cir. 1937, 91 F.2d 283, 286, cert. denied, 302 U.S. 738, 58 S.Ct. 140, 82 L.Ed. 571), and by the Supreme Court (*see, e. g.*, Chase Securities Corp. v. Donaldson, 1945, 325 U.S. 304, 314, 65 S.Ct. 1137, 89 L.Ed. 1628).