SOUTHWEST OHIO REGIONAL COUNCIL OF CARPENTERS AND JOINERS OF AMERICA, Plaintiff,

v.

FRANK W. SCHAEFER, INC., Defendant.

No. C–3–01–486.

United States District Court, S.D. Ohio, Western Division.

April 11, 2003.

Peter Mark Fox, Kircher, Robinson, Newman & Welch, Cincinnati, OH, for plaintiff.

Diane Leslie Gentile, Audrey S. Adams, Cooper & Gentile Co–2, Dayton, OH, for defendant.

## DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DOC. # 10); JUDGMENT TO BE ENTERED IN FAVOR OF DEFENDANT AND AGAINST PLAINTIFF; TERMINATION ENTRY

RICE, Chief Judge.

The Plaintiff is a labor union which represents carpenters employed by the Defendant at its plants in Montgomery and Miami Counties, Ohio.[1] After the Defendant had first suspended and, then, discharged an employee named Sidney Tompkins ("Tompkins"), the Plaintiff initiated a grievance in accordance with the dispute resolution mechanism contained in the parties' collective bargaining agreement, alleging that the Defendant lacked good cause to discharge Tompkins. The grievance culminated in an arbitration. On February 27, 1999, the arbitrator issued his award, finding that the Defendant lacked good cause to discharge Tompkins and ordering that he be reinstated and "made whole" (i.e., provided back pay). Since the record was not sufficient to permit the arbitrator to ascertain the amount of back pay to which Tompkins was entitled, the arbitrator ordered the parties to compute the appropriate amount.

After the arbitrator had entered his award, the parties communicated through counsel for a number of months. After

---

1. The following recitation of facts and circumstances giving rise to this litigation is set forth in the manner most favorable to the Plaintiff, the party against which summary judgment is sought.

counsel had exchanged a number of letters, Defendant's counsel wrote to her then counterpart for Plaintiff, on September 11, 1999, asking that certain information be provided and that other information be confirmed. Therein, Defendant's counsel also suggested that she would be in a position to discuss back pay after she had received the requested information. That was the last communication between counsel until October 2, 2001, when a new attorney representing Plaintiff wrote to Defendant's counsel, requesting that Defendant reinstate Tompkins. By letter dated October 29, 2001, the Defendant refused that request.

On November 30, 2001, the Plaintiff brought this action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, requesting that this Court enforce the arbitrator's award. This case is now before the Court on the Defendant's Motion for Summary Judgment (Doc. # 10), wherein it argues that the Plaintiff's Complaint is barred by the applicable statute of limitations. As a means of analysis, the Court will initially set forth the standards which are applicable to all motions for summary judgment, following which it will turn to the parties' arguments in support of and in opposition to the instant such motion.

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Of course, the moving party:

always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323, 106 S.Ct. 2548. *See also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991) (The moving party has the "burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the nonmoving party, do not raise a genuine issue of material fact for trial.") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987)). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)). Thus, "[o]nce the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Restaurant, Ltd.*, 61 F.3d 1241, 1245 (6th Cir.1995). Read together, *Liberty Lobby* and *Celotex* stand for the proposition that a party may move for summary judgment by demonstrating that the opposing party will not be able to produce sufficient evidence at trial to withstand a directed verdict motion (now known as a motion for judgment as a matter of law. Fed.R.Civ.P. 50). *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). *See*

also *Michigan Protection and Advocacy Service, Inc. v. Babin,* 18 F.3d 337, 341 (6th Cir.1994) ("The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff."). Rather, Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. 2548. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment shall be denied "[i]f there are ... 'genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.'" *Hancock v. Dodson,* 958 F.2d 1367, 1374 (6th Cir.1992) (citation omitted). Of course, in determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all *reasonable* inferences in the favor of that party. *Anderson,* 477 U.S. at 255, 106 S.Ct. 2505 (emphasis added). If the parties present conflicting evidence, a court may not decide which evidence to believe, by determining which parties' affiants are more credible; rather, credibility determinations must be left to the factfinder. 10A Wright, Miller & Kane, *Federal Practice and Procedure,* § 2726. In ruling on a motion for summary judgment (in other words, in determining whether there is a genuine issue of material fact), "[a] district court is not ... obligated to wade through and search the entire record

for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir.1989), *cert. denied,* 494 U.S. 1091, 110 S.Ct. 1839, 108 L.Ed.2d 967 (1990). *See also L.S. Heath & Son, Inc. v. AT & T Information Systems, Inc.,* 9 F.3d 561 (7th Cir.1993); *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915 n. 7 (5th Cir.), *cert. denied,* 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment...."). Thus, a court is entitled to rely, in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties.

The instant motion for summary judgment is the Defendant's second effort to obtain judgment on Plaintiff's Complaint by arguing that it is barred by the applicable statute of limitations. Previously, the Defendant moved for judgment on the pleadings, raising the same argument. In its Decision of September 17, 2002, the Court overruled that motion. *See* Doc. # 9. Therein, the Court noted that § 301 does not contain a statute of limitations and that, therefore, the most analogous state statute of limitations must be utilized. *Id.* at 3–4. Relying upon *United Steelworkers of Am., Local 4839 v. New Idea Farm Equip. Corp.,* 917 F.2d 964 (6th Cir.1990), this Court held that the one-year statute of limitations for the enforcement of arbitral awards, contained in § 2711.09 of the Ohio Revised Code, was applicable.[2] Doc. # 9 at 4. Since neither

---

2. *New Idea* was an action to enforce an arbi-     tration award which originated in the North-

party has challenged that holding and *New Idea* remains good law, the Court will continue to apply § 2711.09, as the statute of limitations in this litigation. In its prior Decision, the Court also concluded that "federal law determines when a federal cause of action accrues, even when a state statute of limitations has been borrowed and, thus, is applied to a federal cause of action." *Id.* (citing *Dixon v. Anderson,* 928 F.2d 212, 215 (6th Cir.1991)). Once again, neither party has challenged that holding, and the Court will continue to look to federal law to determine when Plaintiff's cause of action accrued.

In its Decision of September 17, 2002, the Court applied the decision by the Second Circuit in *Santos v. District Council of New York City,* 619 F.2d 963 (2nd Cir. 1980), to determine the accrual date of a claim brought pursuant to § 301 to enforce an arbitration award. *Santos* was an action under § 301 by members of one labor union against another union, to enforce an arbitration award. Therein, the Second Circuit held that the New York statute of limitations governing the enforcement of arbitration awards was applicable, but that federal law would determine when that statute of limitations accrued. The *Santos* court noted that a cause of action normally accrues "when 'the plaintiff could first have successfully maintained a suit based upon that cause of action.'" *Id.* at 968–69 (quoting *Bell v. Aerodex, Inc.,* 473 F.2d 869, 873 (5th Cir.1973)). Therein, the Second Circuit concluded that in a straight forward case, "a cause of action to enforce an arbitration award would accrue on the date of the award." *Id.* at 969. Applying *Santos* in this litigation, the Court noted that, if this were a straightforward case, Plaintiff's claim would clearly be barred by the one-year statute of limitations, since

ern District of Ohio. The Sixth Circuit held that § 2711.09 was the applicable statute of

the arbitrator made his award in February, 1999, while this litigation was not initiated until November, 2001. Doc. # 9 at 5. Nevertheless, the Court overruled the Defendant's Motion for Judgment on the Pleadings, writing:

> [T]he Court is not able to conclude, based solely upon the allegations in the Plaintiff's Complaint, that its claim to enforce the arbitrator's award is barred by the applicable one-year statute of limitations, § 2711.09. In *Santos,* the Second Circuit indicated that the statute of limitations would begin to run on the date of the arbitrator's award in a straightforward case. This litigation does not appear to be a typical, straightforward request to enforce an arbitrator's award. Although the arbitrator ordered the reinstatement of Tompkins with back pay, he was unable to compute the amount of same, due to the lack of evidence on that issue. Therefore, the arbitrator ordered the parties to compute that amount. Consequently, unlike the normal situation where the arbitrator has issued an award of which a party can seek enforcement in court, the parties were required to take additional steps before the amount of back pay to which Tompkins was entitled would be known and, thus, could be enforced. The Plaintiff's Complaint merely states that the parties were unable to agree upon that amount, without proving any of the details concerning their efforts in that regard, particularly the dates when those efforts occurred. *The statute of limitations on Plaintiff's claim to enforce the arbitrator's award did not begin to run, until the parties had exhausted their efforts to quantify the amount of back pay to which Tompkins was entitled.* It was only then that the

limitations in that action to enforce such an award.

Plaintiff could first have successfully maintained a suit based upon that cause of action.

The Plaintiff's Complaint may well be barred by the applicable statute of limitations. Resolution of that issue will depend upon when the Plaintiff's claim accrued and whether the statute of limitations is subject to equitable tolling, which is dependent upon what happened (and when) between the arbitrator's decision and the Defendant's ultimate refusal to reinstate Tompkins. However, those questions can be resolved only through a properly supported motion for summary judgment. Accordingly, the Court overrules the Defendant's Motion for Judgment on the Pleadings (Doc. # 3).

*Id.* at 6–7 (emphasis added).

The Defendant has now filed its Motion for Summary Judgment (Doc. # 10), once again arguing that the Plaintiff's claim is barred by the one-year statute of limitations contained in § 2711.09.[3] This motion is supported with evidence, which explains what had occurred, after February 27, 1999, the date upon which the arbitrator issued his award, and November 30, 2001, when the Plaintiff initiated this litigation. As is indicated above, counsel for the parties exchanged letters and communicated by telephone for a number of months after the arbitrator's award, in an effort to come to an agreement on the amount of back pay to which Tompkins was entitled. The last such letter was written by Defendant's counsel on September 11, 1999, asking that certain information be provided and that other information be confirmed. Therein, Defendant's counsel also suggested that she would be in a position to discuss back pay after she had received the requested information. The next communication between counsel for the parties was the letter of October 2, 2001, over two years later, from Plaintiff's newly retained counsel to Defendant's counsel, requesting that Defendant reinstate Tompkins. Simply stated, the fact that Plaintiff failed to communicate with Defendant concerning the amount of back pay to which Tompkins was entitled, or even to provide the requested information, demonstrates that the parties had exhausted their efforts to reach an agreement on the question of back pay long before November 30, 2000, a date one year before this litigation was initiated.[4]

Based upon the foregoing, the Court concludes that the Plaintiff's claim accrued before November 30, 2000, a date which is one year before this litigation was initiated. Consequently, the Plaintiff's claim is

---

**3.** The Plaintiff argues that the Defendant is, in reality, seeking summary judgment on the basis of the defense of laches. Plaintiff also contends that the Defendant has failed to establish that defense, because it has failed to demonstrate that it has been prejudiced by the delay in initiating this litigation. Although the Court agrees with Plaintiff that the defense of laches would require a showing that the Defendant suffered prejudice (*see e.g., Nartron Corp. v. STMicroelectronics, Inc.,* 305 F.3d 397, 408 (6th Cir.2002), *cert. denied,* — U.S. ——, 123 S.Ct. 1486, 155 L.Ed.2d 227 (2003)), and that the Defendant has failed to demonstrate such, the Court cannot agree that the Defendant has based its request for summary judgment on such a defense. On the contrary, the Defendant has based its motion for summary judgment on a statute of limitations defense.

**4.** The Plaintiff has neither argued facts nor cited authority which would support the proposition that equitable tolling can stay the running of the statute of limitations under circumstances similar to this litigation. Therefore, even though the Court noted in its prior Decision that the statute of limitations was possibly subject to equitable tolling, there is no basis for concluding that the evidence raises a genuine issue of material fact on that question.

barred by Ohio's one-year statute of limitations for the enforcement of arbitral awards, contained in § 2711.09. Accordingly, the Court sustains the Defendant's Motion for Summary Judgment (Doc. # 10).[5]

Judgment is to be entered in favor of the Defendant and against the Plaintiff.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

**5.** The casual reader might argue that the Plaintiff's claim is not barred by the statute of limitations, since it did not have the right to file a suit seeking an order enforcing the arbitration award until the parties had agreed on the amount of back pay to which Tompkins is entitled. In other words, one might argue that a suit to enforce the award issued by the arbitrator herein would not be not ripe until the parties agreed on the amount of back pay. This Court would reject such an argument, because, in response to a timely lawsuit filed prior to the parties agreement on the amount of back pay and after they had exhausted their efforts to resolve that issue, the Court would, at a minimum, have been able to order them to return to the arbitrator for a hearing which would permit that arbitrator to determine the amount of back pay. Moreover, to hold that the Plaintiff could not file suit until the parties had agreed on the amount of back pay would allow the Defendant to prevent the Plaintiff from ever seeking a remedy in court by simply refusing to agree to an amount of back pay.