**JOHN A. HYPOLITE, Appellant/Defendant**
**v.**
**PEOPLE OF THE VIRGIN ISLANDS, Appellee/Plaintiff**

S. Ct. Crim. No. 2007-135

Supreme Court of the Virgin Islands

January 21, 2009

NANCY D'ANNA, ESQ., Law Office of Nancy D'Anna, St. John, USVI, *For the Appellant.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(January 21, 2009)

PER CURIAM. Nancy D'Anna, Esq., (hereafter "D'Anna") seeks to withdraw as court-appointed counsel to Appellant John Hypolite (hereafter "Appellant") in this matter on the ground that Appellant's sole apparent argument for reversing his convictions — that his Sixth Amendment right to effective counsel was purportedly violated — is wholly frivolous because the Superior Court applied the correct legal standard when it rejected Appellant's ineffective assistance of counsel claim. For the following reasons, we dismiss this appeal for lack of jurisdiction without considering the merits of Attorney D'Anna's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to an order entered in 2001, Appellant was restrained from being around his wife, Daldrene Hypolite, or her residence. On September 23, 2001, Appellant was arrested for violating this restraining order, as well as for disturbing the peace and destruction of property. A bench trial on these charges was held on November 9, 2001, and Appellant was convicted of contempt of court, disturbance of the peace, and destruction of property on December 13, 2001, with an amended judgment entered on December 18, 2001.

During trial, Appellant had been represented by Brenda Scales, Esq. (hereafter "Scales"), then an Assistant Territorial Defender. Attorney Scales filed a notice of appeal to the Appellate Division of the District Court (hereafter "Appellate Division"), but shortly thereafter filed a motion to withdraw from representation, which was granted. Attorney D'Anna was appointed to replace Attorney Scales as Appellant's counsel. After reviewing the record, Attorney D'Anna identified ineffective assistance of counsel as the only grounds for appeal. Attorney D'Anna argued that Attorney Scales's representation was ineffective because she failed to submit a notice of alibi prior to trial, and thus the testimony of Appellant's alibi witness — his brother — had been stricken from the record after the trial judge *sua sponte* objected to the lack of a notice of alibi.

The Appellate Division, in a February 3, 2004 order, remanded the matter to the Superior Court for further fact finding concerning the ineffective assistance of counsel claim. At a hearing conducted on August 31, 2006, the Superior Court heard testimony from Attorney Scales, Appellant, Appellant's brother, and Harold Willocks, Esq., the Chief Public Defender for the Territorial Defender's Office. At the hearing, Attorney Scales testified that she met Appellant for the first time at trial, had never spoken to Appellant before trial, and that she had never filed a notice of alibi. (App. at 77-78.) Attorney Scales testified that she and her secretary tried to get in touch with Appellant at least ten times prior to trial at all different times of the day, but admitted that no notations were ever made in Appellant's file. (App. at 78-79.) Attorney Scales also testified that she did not specifically recall if Appellant ever tried to get in touch with her, though he may have left her a message. (App. at 81-82.) Furthermore, Attorney Scales testified that she did not ask for a

continuance after finding out about Appellant's alibi witness the morning of trial because she believed the judge would deny it and, given the prosecutor's inexperience, believed there was a good chance the government would not raise the fact that a notice of alibi was not filed. (App. at 142-43.)

Appellant also testified at the hearing, stating that he called Attorney Scales "quite a bit" but that each time he called, her secretary told him that she was not in the office. (App. at 91.) Appellant testified that one time he received a message on his answering machine from her secretary to call, and when he called back he yet again never received an appointment. (App. at 92.) Appellant further testified that he did not get a chance to talk to Attorney Scales until he met her in court right before his trial. (App. at 102.) On cross-examination, Appellant stated that he never traveled from his home on St. John to visit Attorney Scales in her office on St. Thomas because he did not want to make the trip without first securing an appointment since every time he called her he was told that she was not in the office. (App. at 103-04; 106.) Appellant's brother, an undocumented alien who lived with Appellant, also testified at the hearing, stating that he never received a call from the Public Defender's office. (App. at 118-19.)

On December 5, 2007, the Superior Court issued findings of fact and conclusions of law that concluded that Appellant had refused to meet with Attorney Scales and that this refusal was the cause of the notice of alibi not being filed. The Superior Court also held that "[e]ven if the testimony was admitted, the outcome would have been the same" because it found Appellant's brother was not a credible alibi witness because he was in the country illegally. On December 5, 2007, the Superior Court also issued an accompanying order dismissing the matter with prejudice, which Appellant timely appealed to this Court. However, the matter remains pending in the Appellate Division.

## II. DISCUSSION

Prior to considering the merits of Attorney D'Anna's motion to withdraw as counsel, this Court must first determine if it has jurisdiction over the underlying matter. *People of the V.I. v. Pratt*, 50 V.I. 318, 321 (V.I. 2008).

█ "The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior

100

Court . . . ." V.I. CODE. ANN. tit. 4, § 32(a) (2006). Prior to establishment of the Supreme Court, appellate jurisdiction over the Superior Court was vested in the Appellate Division, pursuant to § 23A of the Revised Organic Act of 1954, codified as 48 U.S.C. § 1613a (hereafter "Organic Act"). Section 23A(d) of the Organic Act discusses the impact the Supreme Court's creation shall have on the Appellate Division's exercise of appellate jurisdiction:

> Upon the establishment of the [Supreme Court] . . . all appeals from the decisions of the [Superior Court] not previously taken must be taken to [the Supreme Court.] The establishment of the [Supreme Court] shall not result in the loss of jurisdiction of the [Appellate Division] over any appeal then pending in it.

48 U.S.C. § 1613a(d). The Supreme Court officially assumed appellate jurisdiction over appeals from the Superior Court on January 29, 2007. Accordingly, the Appellate Division's appellate jurisdiction over Superior Court decisions is limited to appeals filed prior to January 29, 2007. *See Virgin Islands Gov't Hosp. and Health Facilities Corp. v. Gov't of the Virgin Islands*, 50 V.I. 276, 279-280 (V.I. 2008).

Here, Appellant appealed his convictions, on the grounds of ineffective assistance of counsel, to the Appellate Division in a notice of appeal filed on December 28, 2001. In its February 3, 2004 order, the Appellate Division held that "this matter is remanded to the [Superior] Court for further proceedings because the factual record is insufficient to determine the sole issued raised on appeal: whether appellant's Sixth Amendment right to effective assistance of counsel was violated."[1] The Appellate Division did not close the case upon remand, and that appeal remains open in that court. However, Appellant filed his notice of appeal of the Superior Court's December 5, 2007 order to *this* Court. Therefore, as a threshold matter, it is necessary to determine whether this Court or the Appellate Division has appellate jurisdiction over the Superior Court's December 5, 2007 order.

---

[1] This Court notes that, despite the relevance of the Appellate Division's February 3, 2004 order to this appeal, Attorney D'Anna did not include this order in her Appendix. This Court reminds Attorney D'Anna and other litigants that Supreme Court Rule 24 requires that the Appendix include the materials necessary for this Court to effectuate appellate review, including those needed to determine whether the Court has jurisdiction.

■ Pursuant to the Organic Act, the Appellate Division retains appellate jurisdiction over any appeal then pending in it, but lacks jurisdiction over "all appeals from the decisions of the [Superior] Court not previously taken." 48 U.S.C. § 1613a(d). The filing of a notice of appeal "does not automatically effectuate the appeal of every judgment or order rendered in the entire case." *Nolan v. U.S. Dep't of Justice*, 973 F.2d 843, 846 (10th Cir. 1992). Rather, "the notice confers jurisdiction only over those orders *in existence at the time it was filed.*" *Reed v. McKune*, 153 Fed. Appx. 511, 513 (10th Cir. 2005) (citing *Nolan*) (emphasis added). Thus, as a general rule, an appellate court does not have jurisdiction to consider orders issued by the lower court after entry of judgment and after notice of appeal of that judgment had been filed. *Delman v. Federal Products Corp.*, 251 F.2d 123 (1st Cir. 1958).[2]

■ This case is unusual, however, in that the Superior Court's December 5, 2007 order was entered as a direct result of the Appellate Division's directive for further proceedings on remand to develop a factual record. Therefore, in order to determine whether this Court or the Appellate Division has jurisdiction over the December 5, 2007 order, it is necessary to establish whether the Appellate Division's February 3, 2004 remand order constituted a "record" remand or a "case" remand. As this Court recently acknowledged,

> In a record remand, [an appellate] court retains jurisdiction over the case, *i.e.*, jurisdiction over the case remains with [the] court, but the record is returned to the trial court. In those circumstances, the trial court may be directed to clarify or amplify some portion of the record, to make additional findings, to hear further testimony, or to explain a ruling. The point of such a remand is to give the trial judge the opportunity to complete or clarify the record so that this court will have an adequate basis for review of the trial court's rulings. The trial court does not, however, have the authority to amend the ruling that is on appeal. . . . A "case" remand, on the other hand, returns the case to the trial court for all purposes. [The appellate] court retains no jurisdiction over the case and the appeal is terminated. If, after a case remand, a

---

[2]  Though the Federal Rules of Appellate Procedure do not apply to the Appellate Division, the language used in Appellate Division Rule 4(c) is virtually identical to that in FED. R. APP. P. 3(c)(1), the provision interpreted in *Nolan, Reed*, and *Delman*.

party is dissatisfied with the action of the trial court, the only course available to obtain review in [the appellate] court, is to file a new notice of appeal, once a final order or judgment is entered. That appeal is a new appeal, separate from the previous appeal that was terminated when the case was remanded.

*Hodge et al. v. McGowan et al.*, 50 V.I. 296, 305 n.4 (V.I. 2008) (quoting *Bell v. United States*, 676 A.2d 37, 41 (D.C. 1996) (internal footnotes and citations omitted)). *See also Terry v. State*, 56 P.3d 636, 641 (Wyo. 2002) ("Here, this court's remand was for a specific purpose: to permit the district court to consider the motion for new trial. The case was not returned to the district court for all purposes.") (citing *Bell*).

■ Whether the Appellate Division ordered a "record" remand or a "case" remand is significant to the jurisdictional analysis because a "record" remand does not require the appellant to file a second notice of appeal to grant the appellate court jurisdiction over a trial court order decided on remand. *See Bell*, 676 A.2d at 41; *Calene v. State*, 846 P.2d 679, 692 (Wyo. 1993) (holding that second notice of appeal is not necessary when appellate court remands matter to trial court for findings of fact to develop claim of ineffective assistance of counsel). Therefore, if the Appellate Division's February 3, 2004 order represents a "record" remand, it would have appellate jurisdiction over the trial court's December 5, 2007 order pursuant to Appellant's December 28, 2001 notice of appeal.

■ There is little doubt that the Appellate Division's remand represents a "record" remand. The plain text of the Appellate Division's remand order states that the matter is remanded "for further proceedings because the factual record is insufficient to determine the sole issue raised on appeal." Furthermore, although more than four years have elapsed since the remand order was entered, Appellant's appeal remains open in the Appellate Division. Had the Appellate Divisions' remand order been a "case" remand that resulted in the Appellate Division's complete abdication of its jurisdiction over the matter, the Appellate Division would have closed the case rather than allow it to remain open for so many years after the order. In addition, the People filed a motion to dismiss Appellant's appeal in the Appellate Division on February 8, 2006 for lack of prosecution on the grounds that Appellant had made no effort to set the matter for a fact-finding hearing as ordered by the Appellate

Division.[3] Likewise, both Attorney D'Anna and the People, as well as the trial judge, indicated at the August 31, 2006 hearing that the Appellate Division retained jurisdiction over Appellant's appeal but had remanded only for fact-finding. (App. at 33-37; 175.)

Because it appears that the Appellate Division has, prior to January 29, 2007, already accepted appellate jurisdiction over the Superior Court's December 7, 2007 order it is inappropriate for this Court to simultaneously exercise appellate jurisdiction over that order, particularly when the Appellate Division retains jurisdiction over the Appellant's underlying convictions. Therefore, this Court shall dismiss Appellant's appeal without considering the merits of Attorney D'Anna's motion to withdraw.[4]

### III. CONCLUSION

It is not appropriate for this Court to exercise jurisdiction to review the December 5, 2007 order because the Appellate Division already has asserted its jurisdiction over this matter. Accordingly, we dismiss the instant appeal.

### ORDER OF THE COURT

**AND NOW**, consistent with the reasons outlined in the Opinion of the Court of even date, it is hereby

**ORDERED** that this appeal is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that Attorney Nancy D'Anna's Motion to Withdraw as Court-Appointed Counsel is **DENIED AS MOOT**; and it is further

**ORDERED** that copies of this Order be served on the parties' counsel.

**SO ORDERED** this 21st day of January, 2009.

---

[3] The Appellate Division has not yet ruled on this motion.

[4] We note that, since we do not reach the merits in this case, we make no determination as to the correctness of the trial court's December 5, 2007 order or whether Attorney D'Anna's motion to withdraw as counsel has merit.