## MISSISSIPPI *v.* TURNER

No. A–661. Decided March 2, 1991

JUSTICE SCALIA, Circuit Justice.

In this case, the State of Mississippi has requested a 30-day extension of time within which to file a petition for a writ of certiorari to the Mississippi Supreme Court. The State submits that the extension is required due to "state budgetary cuts," which have resulted in a reduction in appellate staff.

The law states that the "time for appeal or application for a writ of certiorari to review the judgment of a State court in a criminal case shall be as prescribed by rules of the Supreme Court." 28 U. S. C. § 2101(d). Those Rules provide that "[a] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . shall be deemed in time when it is filed with the Clerk of this Court within 90 days after the entry of judgment," Rule 13.1. This period may be extended by a Justice of this Court "for good cause shown" for a period not to exceed 60 days, Rule 13.2, but an application for such an extension "is not favored," Rule 13.6.

In my view, counsel's overextended caseload is not "good cause shown" unless it is the result of events unforeseen and uncontrollable by both counsel and client. That is not so here. Like any other litigant, the State of Mississippi must choose between hiring more attorneys and taking fewer ap-

peals. Its budget allocations cannot, and I am sure were not expected to, alter this Court's filing requirements.

The application is denied.

*It is so ordered.*