# MADDEN v. TEXAS

No. A–626.   Decided February 20, 1991*

JUSTICE SCALIA, Circuit Justice.

In each of these four cases, a lawyer affiliated with the Texas Resource Center, on behalf of an applicant convicted of capital murder and sentenced to death, has requested a 60-

*Together with No. A–627, *DeBlanc* v. *Texas*, No. A–628, *Goodwin* v. *Texas*, and No. A–635, *Hammond* v. *Texas*, also on applications for extension of time.

day extension of time in which to file a petition for a writ of certiorari to the Court of Criminal Appeals of Texas.

In No. A–626, the Texas court issued an opinion affirming the conviction and sentence of Robert Madden on September 12, 1990, and denied a petition for rehearing on November 28, 1990. The stated reason for the present extension request is that Madden's appellate counsel "has never before prepared a certiorari petition on a capital case" and requires the assistance of the Resource Center "to assist him and provide him with sufficient guidance to ensure that the important constitutional issues in [the] case are properly researched and presented to this Court." Madden is scheduled to be executed on February 28, 1991.

In No. A–627, the Texas court issued an opinion affirming the conviction and sentence of David Wayne DeBlanc on October 24, 1990, and denied a petition for rehearing on November 28, 1990. The stated reason for the present extension request is that "[f]ollowing the affirmance of [applicant's] conviction and sentence on appeal, Eden E. Harrington of the Texas Resource Center learned that [applicant's] appellate counsel, Craig Washington, would no longer represent Mr. DeBlanc because Mr. Washington is now a member of the United States Congress. The Texas Resource Center has tried to locate new volunteer counsel for [applicant] since November, 1990, but no new counsel has yet been located." DeBlanc's execution has not yet been scheduled.

In No. A–628, the Texas court issued an opinion affirming the conviction and sentence of Alvin Urial Goodwin on October 24, 1990, and denied a petition for rehearing on November 28, 1990. The stated reason for the present extension request is that "[f]ollowing the affirmance of [applicant's] conviction and sentence on appeal, [applicant's] appellate counsel, John D. McDonald, notified Eden E. Harrington of the Texas Resource Center that he could no longer represent Mr. Goodwin due to conflicting employment. The Texas Resource Center has tried to locate new volunteer counsel for

[applicant] since learning of Mr. McDonald's withdrawal, but no new counsel has yet been located." Goodwin's execution has not yet been scheduled.

In No. A–635, the Texas court issued an opinion affirming the conviction and sentence of Karl Hammond on October 31, 1990, and denied a petition for rehearing on November 28, 1990. The stated reason for the present extension request is that "[i]n November, 1990 the Texas Resource Center received notice that [applicant's] appellate attorney, David Weiner, was withdrawing from Mr. Hammond's case and could not prepare his petition for certiorari. Since that time, the Texas Resource Center has attempted to recruit new counsel for Mr. Hammond but has been unsuccessful. Therefore, undersigned counsel intends to prepare a petition for writ of certiorari on [applicant's] behalf and the Texas Resource Center will continue to try to locate new counsel to assist petitioner with his future appeals. Undersigned counsel, however, cannot prepare the petition for writ of certiorari . . . because of his father's recent death." Hammond's execution has not yet been scheduled.

The law states that "[t]he time for appeal or application for a writ of certiorari to review the judgment of a State court in a criminal case shall be as prescribed by rules of the Supreme Court." 28 U. S. C. § 2101(d). Those rules provide that "[a] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . shall be deemed in time when it is filed with the Clerk of this Court within 90 days after the entry of the judgment," Rule 13.1. This period may be extended by a Justice of this Court "for good cause shown" for a period not to exceed 60 days, Rule 13.2, but an application for such an extension "is not favored," Rule 13.6. Any such application "must be submitted at least 10 days before the specified final filing date," Rule 30.2; applications *"received* less than 10 days before the final filing date" will not be granted "except in the most extraordinary circumstances," *ibid.* (emphasis added).

The 90-day period for filing a petition for a writ of certiorari in each of these cases expires on February 26, 1991. Each of the present extension applications was sent via overnight courier on February 15, 1991 (the Friday preceding a 3-day holiday weekend), and received by the police officer on duty on Saturday, February 16, the last possible day under the 10-day rule.

In my view, none of these applications, as an original matter, would meet the standard of "good cause shown" for the granting of an extension. In No. A–626, the desire of Madden's appellate counsel for the assistance of the Texas Resource Center is entirely unremarkable; *all* petitioners can honestly claim that they would benefit from additional advice and consultation. Nor does the excuse put forward in the other three cases, namely, withdrawal of appellate counsel, automatically justify an extension of time. There is no indication in any of them that the withdrawal was a reasonably unforeseeable occurrence. Indeed, in DeBlanc's case, No. A–627, the factor requiring withdrawal (membership in the United States Congress) was of such a nature that it must have been anticipated before November 28, the date rehearing was denied. The application in Hammond's case, No. A–635, sets forth as additional justification the death of counsel's father—which would in some circumstances qualify as "good cause shown." The counsel in question, however, is not one who has been working diligently on the petition and has been prevented by the death from completing his work, but rather an attorney affiliated with the Resource Center who now, because no other counsel has been found since the unexplained withdrawal of appellate counsel, "intends to prepare" applicant's petition. There is no indication why some other attorney at the Resource Center could not have undertaken this last-minute task, nor why the task has been left to the last minute.

All of these are capital cases. That class of case has not, however, been made a generic exception to our 90-day time

limit, and I do not think I have authority to create such an exception through the power conferred upon me to grant case-by-case extensions for "good cause shown." As I have stated above, moreover, I do not consider that the withdrawal of appellate counsel automatically constitutes "good cause," without regard to its basis or predictability. There is even greater need to reject such an automatic rule in capital cases than there is elsewhere, since no lawyer should be burdened with the knowledge that, if he were only to withdraw from the case, his client's appeal could be lengthened and the execution of sentence, in all likelihood, deferred.

I became Circuit Justice for the Fifth Circuit at the beginning of the current Term. Because I have not previously had an opportunity in this capacity to set forth my views on application of the "good cause" standard of Rule 13.2; because it is possible that those views are more restrictive of extensions than what the Fifth Circuit bar has been accustomed to; and because these are capital cases; I find good cause to grant 30-day extensions in Nos. A–627, A–628, and A–635. I shall not grant extensions in similar circumstances again. I find inadequate cause to extend the filing period in No. A–626. In that case, Madden's execution date has been set for February 28, 1991, two days after the end of the regular 90-day filing period. Extending the period in which to file a petition for a writ of certiorari to a point after an established execution date is either futile or will disrupt the State's orderly administration of justice. I do not consider it appropriate for me to take such action as a Circuit Justice.

*It is so ordered.*