PENRY *v.* TEXAS

No. A–180.   Decided August 28, 1995

JUSTICE SCALIA, Circuit Justice.

I have before me an application for extension of time in which to file a petition for a writ of certiorari to the Court of Criminal Appeals of Texas.   Counsel seek a 59-day extension of the filing deadline "because of the voluminous record below and the breadth of errors that were committed below which warrant review by this Court."   Counsel explain: "The petitioner's brief to the Court of Criminal Appeal[s] of Texas discussed 132 points of error and is 375 pages in length.   The State's brief is 248 pages in length.   The judgment affirming petitioner's conviction and death sentence is 76 pages with 6 additional pages of concurrences."   The application offers one additional reason for the extension request: "[C]ounsel of record will be out of his office during the entire week before September 5, 1995—the day that the time to file the petition will expire."

Our Rules provide that "[a] petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered

by a state court of last resort, . . . shall be deemed in time when it is filed with the Clerk of this Court within 90 days after the entry of the judgment," Rule 13.1, and that a Justice may extend the time to file for up to 60 days "for good cause shown," Rule 13.2. Our Rules specify, however, that "[a]n application to extend the time to file a petition for a writ of certiorari is not favored." Rule 13.6.

I have made it clear that I take the rule of disfavor seriously. In *Madden* v. *Texas*, 498 U. S. 1301 (1991) (opinion in chambers), I considered four applications for extensions of time in capital cases. Three of them sought an extension because appellate counsel had withdrawn from the applicant's case (with no indication that the withdrawal could not reasonably have been foreseen). *Id.*, at 1302–1304. In the fourth, the asserted reason was similar to that offered here: Counsel needed additional time " 'to ensure that the important constitutional issues in [the] case are properly researched and presented to this Court.' " *Id.*, at 1302. At that time, I expressed my view that "none of these applications, as an original matter, would meet the standard of 'good cause shown' for the granting of an extension." *Id.*, at 1304. I nonetheless granted extensions in the three cases where counsel had withdrawn, primarily because I was a new Circuit Justice, and was reluctant to impose without notice a standard more stringent, perhaps, than what the Fifth Circuit bar was accustomed to. I gave notice, however, that "I shall not grant extensions in similar circumstances again." *Id.*, at 1305.

By now, counsel litigating in the Fifth Circuit ought to be familiar with my view of what constitutes "good cause" to support the disfavored application to extend the time to file a petition for certiorari. See R. Stern, E. Gressman, S. Shapiro, & K. Geller, Supreme Court Practice § 6.7 (7th ed. 1993). The reasons offered by counsel in this application fall short. As I have previously observed, all applicants can honestly claim that they would benefit from additional time

to prepare a petition for certiorari. *Kleem* v. *INS,* 479 U. S. 1308 (1986) (opinion in chambers); see also *Madden, supra,* at 1304. By their own account, counsel here filed a brief of 375 pages, raising 132 assignments of error, in the Court of Criminal Appeals; it is inconceivable that this could have been achieved without acquiring considerable familiarity with the record, voluminous though it may be. Moreover, counsel sought rehearing below, and thus have had six months to review the opinion of the Court of Criminal Appeals, which discussed in considerable detail the 132 allegations of error as it rejected each of them. Finally—and needless to say—counsel's planned absences should affect neither the degree of preparation afforded a client's case nor the orderly administration of our deadlines.

This is indeed a capital case, but our Rules envision only one "good cause" standard. See 498 U. S., at 1304–1305. Because the applicant here has failed to meet that standard, I deny the application for extension of time.