**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-8026
_____


PIERRE P. JOSEPH

v.

HESS OIL VIRGIN ISLANDS CORP.,

Petitioner

_____

On Writ of Certiorari from the
Supreme Court of the Virgin Islands
(S. Ct. Civ. No. 2009-00054)
_____

Submitted on Petitioner's Motion for an
Extension of Time
to File a Petition for a Writ of Certiorari
May 17, 2011



1

Before: SMITH, <u>Circuit</u> <u>Judge</u>[*]


(Opinion filed: July 5, 2011)

Lee J. Rohn, Esq.
Law Offices of Rohn & Carpenter
1101 King Street
Christiansted, St. Croix, VI 00820

<u>Counsel for Respondent</u>

Carl A. Beckstedt, III, Esq.
Sunshine S. Benoit, Esq.
Bryant, Barnes, Moss, Beckstedt, Blair, LLP
1134 King Street, 2nd Floor
P.O. Box 224589
Christiansted, St. Croix, VI 00822-4589

Peter Goldberger, Esq.
50 Rittenhouse Place
Ardmore, PA 19003-2276

<u>Counsel for Petitioner</u>

---

[*]    This Opinion was circulated to all active judges of this Court prior to filing, in accordance with Third Circuit Internal Operating Procedure Chapter 5.

2

—————

OPINION OF THE COURT

—————

SMITH, <u>Circuit Judge</u>.

Before the Court is an application by Hess Oil Virgin Islands Corporation ("HOVIC") for an extension of time to file a petition for a writ of certiorari from a decision of the Supreme Court of the Virgin Islands. Our rules provide that an extension of the sixty-day period in which to file a certiorari petition may be granted "for good cause shown." 3d Cir. Local Appellate Rule ("LAR") 112.4(a) (2010). HOVIC seeks an additional thirty days to file its petition on the ground that it recently retained counsel to represent it before this Court, and counsel contends that he cannot meet the current deadline, mainly due to other professional commitments. For the reasons explained below, I conclude that HOVIC's grounds for seeking an extension of time do not amount to "good cause." However, because this court has not previously addressed standards applicable to the showing required under LAR 112.4(a), I will grant HOVIC's request for an extension of time.

I.

I need not recount the nature of the dispute between HOVIC and the respondent, Pierre P. Joseph, for purposes of addressing this extension request. Briefly stated, HOVIC intends to file a certiorari petition from a decision of the Supreme Court of the Virgin Islands entered March 8, 2011.

The Supreme Court reversed an order in which the Superior Court of the Virgin Islands granted summary judgment in HOVIC's favor, and it remanded to the Superior Court for further proceedings. According to HOVIC, the parties agreed to settle the case shortly before the Supreme Court issued its March 8 decision. HOVIC moved to recall the mandate or for leave to file a petition for rehearing out of time, citing the purported settlement. The Supreme Court denied both requests. HOVIC maintains that the case became moot once the parties agreed to settle, and it intends to seek certiorari to argue, inter alia, that mootness deprived the Supreme Court of jurisdiction to issue the March 8 decision.

A petitioner may seek review in this Court "of a *final decision* of the Supreme Court of the Virgin Islands … by filing a petition for a writ of certiorari … within 60 days from the entry of judgment sought to be reviewed[.]" LAR 112.2(a) (emphasis added); see also Pichardo v. V.I. Comm'r of Labor, 613 F.3d 87, 92 (3d Cir. 2010) ("Under 48 U.S.C. § 1613, the Third Circuit has temporary certiorari jurisdiction over final decisions of the Virgin Islands Supreme Court."). For purposes of adjudicating the present motion, I will assume that the March 8 decision is a "final decision," and therefore one that would fall within the scope of this Court's jurisdiction under 48 U.S.C. § 1613 if a timely certiorari petition were filed. As such, HOVIC's sixty-day period to file a certiorari petition in this matter expired on Monday, May 9, 2011.[1] HOVIC filed its application for an extension

[1] The sixtieth day actually fell on May 7, 2011, which was a Saturday. While our local rules do not specify a method for computing the last day for filing a petition for a writ of

4

of time on May 3, six days prior to the due date. HOVIC asks for an extension of thirty days, until June 8.[2]

HOVIC contends that it needs more time because it retained appellate counsel "to advise it of its procedural options and to represent it before this Court only a few weeks ago."[3]  Appellate counsel notes that the Supreme Court

certiorari, "[t]he Federal Rules of Appellate Procedure, to the extent that they are not inconsistent with any statutory provisions or these [local] rules, may be applied to a proceeding seeking a writ of certiorari."  LAR 112.14(a). Federal Rule of Appellate Procedure 26(a) governs the computation of "any time period specified … in any local rule … that does not specify a method of computing time."  Rule 26(a) is not inconsistent with LAR 112.2(a) and applies here. "When the period is stated in days … include the last day of the period, but if the last day of the period is a Saturday, … the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. R. App. P. 26(a)(1)(C).  Accordingly, HOVIC's last day on which to file a certiorari petition was Monday, May 9, 2011.

[2]  HOVIC subsequently submitted its proposed certiorari petition for filing on June 8, and our Clerk entered an order holding the petition in abeyance pending disposition of the application for an extension of time.

[3]  HOVIC was represented before the Supreme Court of the Virgin Islands by counsel based in St. Croix.  That same counsel is listed on the application for an extension of time, along with HOVIC's recently added appellate counsel, Peter

denied the motion to recall the mandate on April 28, 2011, and "the analysis contained in that order must be addressed in any petition that is to be filed." Finally, appellate counsel asserts that he had competing obligations prior to the due date for HOVIC's certiorari petition, including the filing of a petition for rehearing and an extension request in other cases. In addition, on the Thursday and Friday before the Monday on which the certiorari petition was due, counsel had commitments to the Third Circuit Bar Association and Third Circuit Judicial Conference, including an appearance as a panelist at a Judicial Conference meeting.

## II.

Congress has provided that, for the first fifteen years following establishment of the Supreme Court of the Virgin Islands, the Third Circuit Court of Appeals "shall have jurisdiction to review by writ of certiorari all final decisions of the highest court of the Virgin Islands from which a decision could be had." 48 U.S.C. § 1613. Congress also has conferred upon this Court "jurisdiction to promulgate rules necessary to carry out the provisions of [§ 1613]." Id. Consistent with this mandate, we adopted local rules in 2007 to govern practice and procedure in the exercise of our certiorari jurisdiction.[4] See LARs 112.1-14. Among other

Goldberger, Esq. Mr. Goldberger's signature appears on the extension application.

[4] The Supreme Court of the Virgin Islands was established in 2004, see Pichardo, 613 F.3d at 94, and "officially assumed appellate jurisdiction over appeals from the Superior Court on January 29, 2007." Hypolite v. People, 51 V.I. 97, 101 (V.I

things, we established a sixty-day deadline to file a certiorari petition, LAR 112.2(a), and made allowance for a petitioner to seek additional time. Our local rule regarding extensions of time to file a certiorari petition provides as follows:

> A circuit judge, for good cause shown, may extend the time for filing a petition for writ of certiorari or cross-petition for a period not exceeding 30 days. Any application for extension of time within which to file a petition for writ of certiorari must set out the grounds on which the jurisdiction of this court is invoked, must identify the judgment sought to be reviewed and have appended thereto a copy of the opinion, and must set forth with specificity the reasons justifying an extension. An untimely petition for writ of certiorari must be accompanied by a motion for extension of time. However, an application for extension of time to file a petition for certiorari ordinarily will not be granted, if filed less than 5 days before the expiration of the time to file a petition.

LAR 112.4(a).

This court has not, in a precedential decision, addressed the showing required to establish "good cause" for an extension of time to file a certiorari petition.[5] Because

_____

2009).

[5] I am satisfied that HOVIC's application complies with the remaining requirements of LAR 112.4(a). HOVIC has

7

"good cause" is undefined in LAR 112.4(a), my undertaking here is to give meaning to the term. I begin, as I must, by looking to the plain language of the rule. See, e.g., In re Lord Abbett Mut. Funds Fee Litig., 553 F.3d 248, 254 (3d Cir. 2009).

"Good cause" is understood to mean "[a] legally sufficient reason," and it reflects "the burden placed on a litigant (usu. by court rule or order) to show why a request should be granted or an action excused." Black's Law Dictionary 251 (9th ed. 2009). Of course, a proffered reason

appended a copy of the opinion sought to be reviewed and set forth with adequate specificity the reasons why it believes an extension of time should be granted. In addition, HOVIC has "set out the grounds on which the jurisdiction of this court is invoked." LAR 112.4(a). As mentioned earlier in the text, there is an issue as to whether the Supreme Court's March 8 decision is "final" and reviewable at this time. Nevertheless, I do not construe LAR 112.4(a) to require a fully developed argument on finality in support of an application for an extension of time. HOVIC's invocation of our jurisdiction under § 1613, and its expression of an intent to present argument in the certiorari petition on whether the March 8 decision meets the finality requirement, are enough to satisfy LAR 112.4(a). In the certiorari petition itself, a petitioner is required to present a complete argument regarding this Court's jurisdiction, including "a concise statement of the ground on which the jurisdiction of this court is invoked, with citations to applicable statutes and stating relevant facts establishing the finality of the order." LAR 112.6(a)(3).

8

or "cause" that may be legally sufficient in one context may not be so in another. Federal practice is replete with rules that require a moving party to show "good cause,"[6] but

[6] See, e.g., Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."); Fed. R. Civ. P. 6(b)(1) (providing, with certain exceptions, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time"); Fed. R. Civ. P. 16(b)(4) (a scheduling order "may be modified only for good cause and with the judge's consent"); Fed. R. Civ. P. 26(b)(1) ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."); Fed. R. Civ. P. 55(c) (court may set aside an entry of default "for good cause"); Fed. R. Civ. P. 65(b)(2) (temporary restraining order "expires at the time after entry -- not to exceed 14 days -- that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension."); Fed. R. App. P. 2 ("On its own or a party's motion, a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b)."); Fed. R. App. P. 4(a)(5)(A) (allowing district court to extend time to file notice of appeal if moving party "shows excusable neglect or good cause"); Fed. R. App. P. 26(b) (providing, with certain exceptions, that "[f]or good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires").

determining whether the showing made will justify granting the relief sought can be accomplished only by considering the specific nature and purpose of the rule at issue. See, e.g., Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005) (holding that "there is good cause [for a protective order under Fed. R. Civ. P. 26] when a party shows that disclosure will result in a clearly defined, specific and serious injury but that broad allegations of harm are not sufficient to establish good cause"); MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (explaining that good cause to excuse late service under former Fed. R. Civ. P. 4(j) "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules," and "absence of prejudice alone can never constitute good cause") (quotation marks omitted). In short, the term "good cause" itself does not define the precise showing that we should require in the particular context of a party seeking more time to file a petition for a writ of certiorari.

The history behind the adoption of LAR 112.4(a), as reflected in the Committee Comments to the LARs, does not shed light on the showing required. It appears that several provisions in our local rules regarding certiorari review were modeled after Ninth Circuit Court of Appeals Local Circuit Rule 6-2, which established procedures for that court's interim exercise of certiorari jurisdiction over the Supreme Court of Guam. However, Rule 6-2, which the Ninth Circuit abrogated in 2005 consistent with the termination of its certiorari jurisdiction, see 48 U.S.C. § 1424-2 (as amended Oct. 30, 2004); Santos v. Guam, 436 F.3d 1051, 1052 (9th Cir. 2006), contained no provision for seeking an extension of

time to file. See 9th Cir. R. 6-2 (2004). As such, LAR 112.4(a) was not based on a Ninth Circuit rule that provides meaningful guidance for the present inquiry. And while it appears that LAR 112.4(a) was modeled after the United States Supreme Court's rule on extensions of time, which is discussed below, the Committee Comments do not expressly identify a specific source for the rule.[7]

---

[7]  That being said, I conclude that Rule 112.4(a) was modeled after the Supreme Court's rule. As originally drafted and submitted for public comment, Rule 112.4(a), which was proposed as "Rule 112.2(f)," provided as follows:

> A circuit judge, for good cause shown, may extend the time for filing a petition for writ of certiorari or cross-petition for a period not exceeding sixty (60) days. Any application for extension of time within which to file a petition for writ of certiorari must set out the grounds on which the jurisdiction of this court is invoked, must identify the judgment sought to be reviewed and have appended thereto a copy of the opinion, and must set forth with specificity the reasons justifying an extension. An application for extension of time to file a petition for certiorari must be submitted at least ten (10) days before the specified final filing date and will not be granted, except in the most extraordinary circumstances, if filed less than ten (10) days before that date.

11

Lacking authority and commentary from this court as to the intended meaning of "good cause" in LAR 112.4(a), I must look elsewhere. Fortunately, there are analogues to draw upon. Courts routinely interpret and apply the good-cause standard under rules that, like LAR 112.4(a), govern requests for extensions of time to act. I find two such rules instructive here: (1) the United States Supreme Court's rule governing extensions of time to file for certiorari review, which, as noted, appears to have served as the original model for LAR 112.4(a); and (2) Federal Rule of Appellate Procedure 4(a)(5)(A), which governs motions to extend the time to file a notice of appeal.

A.

The current Supreme Court rule regarding extensions of time to file a petition for a writ of certiorari provides in relevant part as follows:

> For good cause, a Justice may extend the time to file a petition for a writ of certiorari for a period not exceeding 60 days. An application to extend the time to file shall set out the basis for jurisdiction in this Court, identify the judgment sought to be reviewed, include a copy of the opinion and any order respecting rehearing, and set out specific reasons why an extension of time is justified. The application must be filed with the Clerk at least 10 days

This language tracked the Supreme Court rule on extensions of time in most respects.

12

before the date the petition is due, except in extraordinary circumstances. … An application to extend the time to file a petition for a writ of certiorari is not favored.

Sup. Ct. R. 13(5).

Rule 13(5) requires a showing of "good cause" to justify extending the time to seek review via certiorari – precisely what HOVIC must show under LAR 112.4(a). Thus, the Supreme Court's treatment of Rule 13(5) is perhaps our best guide to understanding LAR 112.4(a). One difference between these two rules does merit brief discussion. The Supreme Court states in Rule 13(5) that a request for an extension of time "is not favored." In contrast, LAR 112.4(a) does not express general disfavor for extension requests, and frowns upon only eleventh-hour requests (i.e., requests filed less than five days before the deadline), explaining that those requests "ordinarily will not be granted." As noted, HOVIC's application was filed more than five days before its petition was due. Under Rule 13(5), the Supreme Court would appear to work from the premise that granting additional time to an applicant like HOVIC is not favored. I apply no such presumption under LAR 112.4(a). Accordingly, to the extent that this difference in analytical approach is manifest in the Supreme Court's interpretation of "good cause," I do not intend by my reliance upon the Supreme Court's lead to imply disfavor for extension requests filed in this Court more than five days before the petition is due. Our rule requires only that such

13

requests be supported by "good cause."[8]

Applications under Rule 13(5) are referred to an individual Justice for determination, and certain Justices have addressed them in published decisions, either under Rule 13(5) or its predecessors. For example, in Carter v. United States, 75 S. Ct. 911 (Frankfurter, Circuit Justice 1955), Justice Frankfurter denied an extension of time for failure to show "real cause," explaining that "[t]he nature and substantiality of the point in controversy emerge from the opinion of the Court of Appeals," and that "[c]ounsel who urged the point below is counsel here; the addition of another counsel hardly affords ground for the desired extension." Id. at 911. Further, while acknowledging that, "if counsel are actively engaged in the trial of a cause during the period within which a petition for certiorari must be filed, an appropriate extension of time might be afforded," id., Justice Frankfurter observed that, in general, "the responsibility of counsel to litigation in this Court should take precedence,"

---

[8] There are other differences between Rule 13(5) and LAR 112.4(a). The Supreme Court allows for a maximum sixty-day extension of time (compared to our thirty days), and requires the filing of an extension request "at least 10 days before the date the petition is due, except in extraordinary circumstances." These additional distinctions are not meaningful to the analysis here, which is limited to how the Supreme Court has applied its good-cause standard, and, by analogy, the showing that this Court should require when a petitioner moves for an appropriate extension of time more than five days before the certiorari petition is due.

14

id., and "the contents of a petition for certiorari seldom call for the kind of research which may be demanded for a brief on the merits[.]" Id.

In Kleem v. INS, 479 U.S. 1308 (Scalia, Circuit Justice 1986), Justice Scalia denied an extension of time for failure to show good cause, observing that "counsel has given no reason for his request other than his desire for additional time to research constitutional issues." Id. at 1308. Because "[t]he same reason could be adduced in virtually all cases … [i]t does not meet the standard of 'good cause shown' for the granting of a disfavored extension." Id.

In Madden v. Texas, 498 U.S. 1301 (Scalia, Circuit Justice 1991), Justice Scalia granted three applications for additional time requested by counsel representing capital defendants, and denied a fourth application. He found that "none of these [four] applications, as an original matter, would meet the standard of 'good cause shown' for the granting of an extension." Id. at 1304. Justice Scalia rejected as "unremarkable" the suggestion of one litigant's counsel that more time was needed to consult with another lawyer, as "all petitioners can honestly claim that they would benefit from additional advice and consultation." Id. He also rejected the contention that the withdrawal of appellate counsel would "automatically justify an extension of time," as there was no indication "that the withdrawal was a reasonably unforeseeable occurrence." Id. Further, while the "additional justification" of the death of counsel's father "would in some circumstances qualify as 'good cause shown,'" id., counsel in question had not been working on the petition and "prevented by the death from completing his work," id., and there was

15

"no indication why some other attorney [from the same office] could not have undertaken this last-minute task, nor why the task has been left to the last minute." Id. Nevertheless, noting that he had not previously set forth his views on the good-cause standard in his capacity as Circuit Justice for the Fifth Circuit, Justice Scalia granted thirty-day extensions in three of the cases, but warned that similar requests would not be granted in the future. Id. at 1305. He denied more time in the fourth case on the ground that it would be improper to extend the period in which to file a certiorari petition to a date after the petitioner's established execution date. Id.

In Mississippi v. Turner, 498 U.S. 1306 (Scalia, Circuit Justice 1991), Justice Scalia denied the State's request for an extension of time, explaining that "counsel's overextended caseload is not 'good cause shown' unless it is the result of events unforeseen and uncontrollable by both counsel and client." Id. at 1306. He added that, "[l]ike any other litigant, the State of Mississippi must choose between hiring more attorneys and taking fewer appeals. Its budget allocations cannot, and I am sure were not expected to, alter this Court's filing requirements." Id. at 1306-07.

Finally, in Penry v. Texas, 515 U.S. 1304 (Scalia, Circuit Justice 1995), Justice Scalia found an absence of good cause where counsel sought more time based on the voluminous record, the "breadth of errors," and his absence from the office during the week before the petition was due. Id. at 1304. Justice Scalia observed that "all applicants can honestly claim that they would benefit from additional time to prepare a petition for certiorari," id. at 1305-06, and counsel's

16

"planned absences should affect neither the degree of preparation afforded a client's case nor the orderly administration of our deadlines." Id. at 1306.

These five decisions, four of which were authored by the same Justice, represent a limited survey of how the Supreme Court has disposed of extension requests. Beyond that, I assume that other Justices have entertained requests for more time without publishing their views. Nevertheless, useful guidance on what does and does not constitute "good cause" emerges from the decisions I have canvassed. It is not enough for counsel to claim that s/he is too busy to meet the deadline, has plans to be on vacation, wants more time to study the record, or was only recently added to the client's team of lawyers. Such assertions, inasmuch as they turn on factors within the control of counsel or the client, can be raised in most any case and generally do not justify extending the deadline for certiorari review. Rather, unforeseen or uncontrollable events (e.g., a death in the family, illness, or active engagement at trial) lie at the heart of the "good cause" requirement for additional time to seek certiorari.

I am satisfied that requiring such a showing, albeit a standard suggested by only a handful of cases on the application of Rule 13(5), is consistent with the purpose served by LAR 112.4(a). Our sixty-day period in which to file a certiorari petition (like the ninety-day period in the Supreme Court, see Sup. Ct. R. 13(1)), affords an ample amount of time to prepare and file a petition in accordance with our local rules. See LAR 112.6 (setting forth requirements for the contents of a certiorari petition). This deadline is sufficiently generous that it ought not to be

17

extended as a routine matter, merely for the convenience of counsel or the petitioner. The filing of a certiorari petition commences a new proceeding between the parties, much like the filing of a notice of appeal. And just as extensions of the time to appeal are limited and exceptional, see Fed. R. App. P. 4(a)(5)(A) and 26(b)(1), so too should be extensions of the time to seek certiorari review. The interest in finality and desire to avoid needless delay that underlie our rules and procedures are best served by strict adherence to the sixty-day deadline, absent some unusual circumstance.

I consider this approach consistent with the requirements of Federal Rule of Appellate Procedure 4(a)(5)(A), which provides that

> [t]he district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5)(A). The Committee Note to the rule highlights the difference between the excusable neglect and good cause standards, and explains the showing required for "good cause" to extend the time to file a notice of appeal:

> The good cause and excusable neglect standards

18

have "different domains." *Lorenzen v. Employees Retirement Plan*, 896 F.2d 228, 232 (7th Cir. 1990). They are not interchangeable, and one is not inclusive of the other. The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. *The good cause standard applies in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.*

Fed. R. App. P. 4(a)(5)(A)(ii) (2002 Committee Note, Changes Made After Publication and Comments) (emphasis added).

A petition for a writ of certiorari is, for purposes of the present discussion, the functional equivalent of a notice of appeal: it initiates an appellate proceeding in this Court in the form of a request for discretionary review.[9] While a denial of

---

[9] Because a petition for a writ certiorari is the functional equivalent of a notice of appeal, Federal Rule of Appellate Procedure 26(b) does not inform my analysis of good cause for extending the time to file a petition for a writ of certiorari under LAR 112.4(a). The plain text of Rule 26(b), which permits a court of appeals to extend the time prescribed by the Appellate Rules "to perform any act, or may permit an act to be done after that time expires," explicitly states that it may not extend the time to file a notice of appeal, a petition for

19

certiorari review would end the matter, and thus the life of the proceeding potentially could be short, it is a new appellate proceeding nonetheless.  The good cause showing needed to support a request for more time to appeal under Rule 4(a)(5) – "something that is not within the control of the movant" – fits the purpose of LAR 112.4(a), as well.    Any lesser requirement, such as granting an extension based on a mere showing of no prejudice to the non-moving party, would be inconsistent with the goal of affording more time only as a limited exception to the deadline for commencing a certiorari proceeding.

B.

In light of the foregoing, I conclude that a petitioner seeking an extension under LAR 112.4(a) must demonstrate a need for more time based on an event or cause beyond the control of counsel or the petitioner.  This standard will help direct petitioners toward strict compliance with the sixty-day period for seeking review and ensure that extensions of the deadline remain the exception and not the rule.

HOVIC has not demonstrated good cause under this standard.  HOVIC notes that it recently retained an additional lawyer for this proceeding, and counsel contends that he needs more time to prepare the certiorari petition.  HOVIC fails, however, to point to any event beyond its control as having affected its ability to comply with the sixty-day deadline.  HOVIC itself chose to hire an additional lawyer as

permission to appeal, a petition for review.  Fed. R. App. P. 26(b)((1)-(2).

20

the deadline approached, and "the addition of another counsel hardly affords ground for the desired extension." Carter, 75 S. Ct. at 911. Further, the primary issue on which HOVIC intends to seek review – essentially, whether the appeal before the Supreme Court of the Virgin Islands became moot when the parties agreed to settle – would not appear to require much study of the record by HOVIC's newly retained appellate counsel.

While appellate counsel contends that he had other obligations during the week when the certiorari petition was due, he does not claim to have been unaware of those obligations well in advance, nor does it appear that he is so encumbered by them that requiring compliance with the deadline would be unreasonable. A busy schedule, by itself, is not good cause for more time. See Turner, 498 U.S. at 1306. HOVIC also fails to explain (i) why its counsel based in St. Croix could not prepare, or at least take the lead in preparing, the certiorari petition, (ii) why another attorney from appellate counsel's office could not do so, or (iii) "why the task has been left to the last minute." Madden, 498 U.S. at 1304.

Finally, I note that the putative respondent, Mr. Joseph, has not opposed the application for an extension of time. Assuming, arguendo, an absence of prejudice to Mr. Joseph, that factor would seem to weigh in HOVIC's favor. It is not, however, sufficient by itself to support granting the requested extension. In any event, I am unable to infer with certainty an absence of prejudice. As stated, there is a jurisdictional question as to whether the Supreme Court's decision is final and reviewable at this time. To the extent

21

that HOVIC's filing of a certiorari petition will commence a proceeding that ultimately will be dismissed for lack of jurisdiction, the filing may only delay further proceedings in the Superior Court, or delay consummation of the parties' purported settlement.  As such, any extension of time for certiorari review could run counter to Mr. Joseph's interests.

III.

For the foregoing reasons, I conclude that HOVIC has not made a showing of good cause under LAR 112.4(a). Nevertheless, I will grant HOVIC's application for a thirty-day extension of time in light of the absence of prior guidance from this Court on the showing required.  See Madden, 498 U.S. at 1305.  I do not find it unreasonable for HOVIC to have believed that its grounds for seeking additional time would suffice under the heretofore unexplained good cause standard of LAR 112.4(a).  HOVIC's right to seek certiorari review should not be prejudiced under the circumstances. Accordingly, the Clerk is hereby directed to docket HOVIC's petition for a writ of certiorari, with a filing date of June 8, 2011.  Respondent, if he so chooses, may file a brief in opposition to the certiorari petition within thirty days of the date of this decision.  See LAR 112.8.