**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4249
_____

JOSEPH SERFESS,
                                        Appellant

v.

EQUIFAX CREDIT INFORMATION SERVICE, LLC;
BANK OF AMERICA, N.A.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 1-13-cv-00406)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2017

Before: RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: July 6, 2017)
_____

OPINION[*]
_____

PER CURIAM

       Joseph Serfess appeals, pro se and in forma pauperis, the District Court's order

denying his motion for an extension of time to file a notice of appeal.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Serfess filed suit against Equifax Credit Information Services, LLC, and its corporate parent, Bank of America N.A., in 2013, alleging violations of the Fair Credit Reporting Act. The District Court granted Bank of America, N.A.'s motion for summary judgment, denied Serfess's motion to strike, and closed the case by order entered on August 24, 2016. Serfess filed a notice of appeal on September 26, 2016.[1] After being informed by our Clerk that his notice of appeal appeared untimely on October 17, 2016, Serfess moved for an extension of time to file a notice of appeal, arguing that he had a day job and "does not have the time to check up on the Federal Rules of Civil Procedure or Federal Rules of Appellate Procedure on a daily basis." The District Court denied the motion to extend on November 4, 2016, finding a lack of good cause or excusable neglect. Serfess timely appealed that order.

We have jurisdiction under 28 U.S.C. § 1291, and review the District Court's decision for abuse of discretion. Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322 (3d Cir. 2012).

Serfess fails to make any argument concerning good cause or excusable neglect in any of his filings before this Court. See Fed. R. App. P. 4(a)(5); Joseph v. Hess Oil Virgin Islands Corp., 651 F.3d 348, 355-56 (3d Cir. 2011). His initial brief contends only that the District Court erroneously calculated the timeline to file a notice of appeal, and

---

[1] Serfess mailed his notice of appeal the day after it was due, and we dismissed his appeal for lack of jurisdiction due to untimely filing. See Serfess v. Equifax Credit Info. Servs., et al., C.A. No. 16-3742 (Feb. 6, 2017).

asserts that his notice of appeal was thus timely filed. This has no bearing on whether the District Court abused its discretion in denying his motion for an extension of time to file a notice of appeal.[2] Because he did not address this issue in his opening brief, any further arguments on this point are waived. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993).

Even if they were not waived, we agree with the District Court that Serfess has shown neither good cause nor excusable neglect. Serfess argued he had good cause to file an untimely notice of appeal because the courthouse was closed on Saturday, September 24. However, the appeal was due the previous day, so the courthouse being closed on Saturday had no effect on Serfess's failure to file a timely notice of appeal, and thus cannot demonstrate good cause. See Joseph, 651 F.3d at 355-56. And, Serfess's failure to correctly calculate the appropriate timeframe for filing an appeal is insufficient to show excusable neglect. See Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect") (internal quotations omitted).

For these reasons, we will affirm the District Court's judgment.

---

[2] Serfess is wrong in any event. He says that the District Court improperly counted August 24, 2016 – the date that the District Court granted Defendant's motion for summary judgment – in calculating his time to appeal. Thus, he asserts that his notice of appeal, which was mailed on September 24, 2016, and received on September Monday, September 26, 2016, was timely filed. See Fed. R. App. P. 26(a)(1)(C). But the District Court properly determined that, after entering its final order on August 24, the thirty-day time period to appeal began the next day. See Fed. R. App. P. 4(a)(1)(A); 26(a)(1). Thus, the final day to appeal was Friday, September 23, 2016, and Serfess's notice of appeal was untimely filed on September 26, 2016.