**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2017
_____

JEFFREY D. HILL,
                                                Appellant

v.

LYCOMING COUNTY GOVERNMENT
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4:20-cv-02397)
District Judge:  Honorable Matthew W. Brann

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 16, 2021
Before:  CHAGARES, PHIPPS and COWEN, Circuit Judges

(Opinion filed: September 17, 2021)
_____

OPINION[*]
_____

PER CURIAM

    Appellant Jeffrey D. Hill, proceeding pro se and in forma pauperis, appeals from

an order of the United States District Court for the Middle District of Pennsylvania

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

denying his request to extend the time to appeal a prior order dismissing his complaint. For the reasons discussed below, we will affirm.

I.

In December 2020, Hill filed a complaint against the County of Lycoming, Pennsylvania, alleging violations of state and federal statutes and constitutional provisions arising out of a 2004 property tax assessment. On January 13, 2021, the District Court adopted the recommendation of a Magistrate Judge to, inter alia, dismiss Hill's complaint without leave to amend under 28 U.S.C. § 1915(e)(2)(B)(ii). Fifty-five days later, Hill filed a "Notice of Appeal Nunc Pro Tunc" and accompanying affidavit in which he explained that emergency hospitalizations and ongoing medical ailments rendered him "physically [and] mentally unable to file this appeal until" the date of his notice (signed March 6, 2021, and filed March 9, 2021).

This Court noted that although Hill's notice of appeal appeared untimely because it was filed more than thirty days after entry of the judgment appealed from, see Fed. R. App. P. 4(a)(1)(A), the notice of appeal and accompanying affidavit could be construed as stating a ground to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5). We therefore remanded to the District Court to make that determination in the first instance. See Hill v. Lycoming County Gov't, C.A. No. 21-1447 (order entered Apr. 26, 2021). After providing Hill the opportunity to submit a brief and supporting evidence, the District Court entered an order on May 19, 2021,

2

declining to extend the time to appeal from the dismissal order. Hill timely appeals from that order.

## II.

We have jurisdiction under 28 U.S.C. § 1291, and we review a District Court's order denying a motion for extension of time to appeal under Rule 4(a)(5) for abuse of discretion. See In re Diet Drugs Prods. Liab. Litig., 401 F.3d 143, 153 (3d Cir. 2005). "The district court abuses its discretion if its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or the improper application of law to fact." Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322 (3d Cir. 2012). We therefore will not reverse the District Court "unless there is a definite and firm conviction that [it] committed a clear error of judgment" in making its decision. Id. (internal quotations and citation omitted).

## III.

A district court has discretion to extend the time to appeal where a party "shows excusable neglect or good cause," Fed. R. App. P. 4(a)(5)(A)(ii),[1] but "extensions of the time to appeal are limited and exceptional," Joseph v. Hess Oil V.I. Corp., 651 F.3d 348, 355 (3d Cir. 2011). As the District Court acknowledged, "[t]he good cause standard applies in situations in which there is no fault—excusable or otherwise." Fed. R. App. P.

---

[1] Rule 4(a)(5)(A)(i) requires that a motion for extension of time be filed "no later than 30 days after the time prescribed by [Rule 4(a)(1)] expires." Hill's notice of appeal from the District Court's January 13 dismissal order and accompanying affidavit, treated as a Rule 4(a)(5)(A) motion, were timely filed within that time period.

3

4(a)(5)(A)(ii) advisory committee's note to 2002 amendment; see also Joseph, 651 F.3d at 355 ("[U]nforeseen or uncontrollable events . . . lie at the heart of the 'good cause' requirement."). Where there is fault, on the other hand, the excusable neglect standard applies, and courts consider the following factors in assessing whether excusable neglect exists: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also Ragguette, 691 F.3d at 324.

The District Court found that Hill demonstrated neither good cause nor excusable neglect to justify extending the time to appeal. We find no abuse of discretion in that conclusion. Notably, although Hill has argued that he was continuously hospitalized from December to February, the District Court found that documents Hill provided in support of his request suggested he was not hospitalized—or at least, not authorized for hospitalization—for a number of days within the thirty-day appeal period.[2] Moreover, Hill was admittedly discharged by February 8—before the time to appeal expired—and

---

[2] Hill has argued that exhibits filed after the District Court denied his Rule 4(a)(5) motion rebut the conclusion that he was not continuously hospitalized. Hill had the opportunity to file these exhibits before the District Court ruled on his motion but did not do so, nor did he ask the District Court to reconsider its prior ruling. Moreover, although the exhibits indicated that he received medical treatment on certain additional days not shown in the evidence previously provided, they still do not necessarily support the contention that he was continuously hospitalized during the appeal period.

he filed a detailed, eight-page document related to sanctions proceedings on February 26, 2021, suggesting he was able to file a simple notice of appeal before March 9. See Pedereaux v. Doe, 767 F.2d 50, 51 (3d Cir. 1985) (holding that excusable neglect "must be shown up to the actual time the motion to extend is filed"). The District Court found that these considerations undermined a finding of good cause and indicated that Hill did not have a justifiable reason for his delay, thus also weighing against a finding of excusable neglect. The District Court also pointed to inconsistencies in Hill's statements and filings regarding his hospitalization as indicating that he was not acting in good faith. Having concluded that two of the four Pioneer factors weighed decidedly against Hill, the District Court declined to find excusable neglect.

We conclude that these findings were not clearly erroneous, and that the District Court applied the correct legal standards. The District Court thus properly exercised its discretion in denying the Rule 4(a)(5) motion, and we will not disturb its decision. Accordingly, we will affirm the judgment of the District Court.[3]

---

[3] Hill dedicated a substantial portion of his brief and supporting exhibits to arguing the merits of his challenge to the 2004 property tax assessment. As our jurisdiction here is limited to the District Court's order denying Hill's motion for an extension of time, we will not address those arguments. Moreover, Hill's argument that the District Court violated HIPAA by requesting that he submit medical records and other evidence in support of his request for an extension is without merit and does not warrant further discussion. Finally, Hill has also moved for sanctions against the County of Lycoming for its failure to file a brief in this appeal. Given that the District Court dismissed Hill's complaint under § 1915(e)(2)(B) on screening, the County was never served and is not a participant in this appeal. Hill's motion is therefore denied. Hill's appeal docketed at C.A. No. 21-1447 will proceed separately.