**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2619
_____

KIRK EADY,
                    Appellant

v.

TAPFURY LLC; TAPFURY INC; PRANKDIAK LLC; FAHIM SALEH, Individually;
JOHN DOE NO. 1 THROUGH 10 (NAME BEING GENDER NEUTRAL AS TRUE
IDENTITY IS UNKNOWN, Jointly and Severally); KICKBACK INC
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:17-cv-13483)
District Judge:  Honorable Esther Salas
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 7, 2023
Before:  JORDAN, GREENAWAY, JR., and NYGAARD, Circuit Judges

(Opinion filed May 11, 2023)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Kirk Eady, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying his motion for extension of time to file a notice of appeal. For the reasons that follow, we will affirm the judgment of the District Court.

Eady filed a complaint in 2017 against numerous companies selling technology that allowed purchasers to make prank calls. Eady sought punitive damages for violations of New Jersey consumer fraud and contract laws relating to his use of the technology and subsequent federal criminal prosecution for illegal wiretapping. Dkt. No. 12. The District Court granted defendants' motion for summary judgment by order entered March 31, 2022, and issued its opinion the following day. Dkt. Nos. 65 & 66.

On May 23, 2022, Eady filed a motion for an extension of time to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5), asserting that his failure to timely appeal was due to excusable neglect. Dkt. No. 67-1 at 2. The District Court denied the motion on August 1, 2022. Dkt. No. 71. Eady filed this timely appeal from that order only.

We have jurisdiction under 28 U.S.C. § 1291, and we review a District Court's order denying a motion for extension of time to appeal under Rule 4(a)(5) for abuse of discretion. See In re Diet Drugs Prods. Liab. Litig., 401 F.3d 143, 153 (3d Cir. 2005). We therefore will not reverse the District Court "unless there is a definite and firm conviction that [it] committed a clear error of judgment" in making its decision. Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 322 (3d Cir. 2012).

2

A district court has discretion to extend the time to appeal where a party "shows excusable neglect or good cause," Fed. R. App. P. 4(a)(5)(A)(ii),[1] but "extensions of the time to appeal are limited and exceptional," Joseph v. Hess Oil V.I. Corp., 651 F.3d 348, 355 (3d Cir. 2011).  Courts consider the following factors in assessing whether excusable neglect exists: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith."  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also Ragguette, 691 F.3d at 324.  Overall negligence during a case may preclude a court from finding excusable neglect.  Orie v. Dist. Att'y Allegheny Cnty., 946 F.3d 187, 192 (3d Cir. 2019) (quoting Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007)).

Eady argues on appeal that the District Court abused its discretion by finding that each of these factors weighed against Eady and by narrowing the existence of excusable neglect only to situations in which counsel had no control over the error.  C.A. Dkt. No. 7 at 22-25.  The District Court found that Eady did not demonstrate excusable neglect to justify extending the time to appeal because, given Eady's repeated failure to meet

---

[1] Rule 4(a)(5)(A)(i) requires that a motion for extension of time be filed "no later than 30 days after the time prescribed by [Rule 4(a)(1)] expires."  Eady's Rule 4(a)(5)(A) motion was timely filed within that time period.

deadlines and general lack of diligence in the five-year matter, the defendants were "entitled to finality" and in danger of prejudice, he did not bring the motion in good faith, and his reason for the delay—due to the lack of diligence and competence of his counsel—was inexcusable. Dkt. No. 71 at 3-5. We find no abuse of discretion in that conclusion.

Eady offered no analysis of the above four factors that would have allowed the District Court to grant his motion. See Dkt. No. 67. On the contrary, Eady asserted that he received notice of the District Court's summary judgment ruling in mid-April and assumed that his lawyer was obligated to appeal.[2] Dkt. No. 67-1 at 2. Although he did not speak to his lawyer until early May, when the lawyer corrected Eady's assumption, Eady did not pursue any appeal until May 23, 2022. Id. at 2-3. The District Court record is also replete with instances of Eady's lack of diligence in this matter. See Dkt. Nos. 7, 9, 10, 30, 38, 49.[3]

---

[2] On appeal, Eady construes his motion for an extension of time to file a notice of appeal as a request for relief under Federal Rule of Appellate Procedure 4(a)(6). C.A. Dkt. No. 7 at 16-20. Pursuant to Rule 4(a)(6), a district court may reopen the time to file an appeal only if the court finds that the moving party did not receive notice of the entry of the judgment sought to be appealed according to Federal Rule of Civil Procedure 77(d) within 21 days after entry. Fed. R. App. P. 4(a)(6). Eady does not argue that notice of the entry of judgment was not timely served, just that he did not personally receive word of it until his counsel mailed it to him in mid-April, Dkt. No. 67-1 at 2; C.A. Dkt. No. 7 at 19, so his argument that he was entitled to relief under Rule 4(a)(6) is unavailing.

[3] Although Eady argues that it was his counsel that was dilatory, C.A. Dkt. No. 7 at 14, suggesting that the District Court improperly considered the lack of diligence as attributed to Eady, he "voluntarily chose [his] attorney as his representative in the action,

The District Court thus properly exercised its discretion in denying the Rule 4(a)(5) motion, and we will not disturb its decision.  Accordingly, we will affirm the judgment of the District Court.

---

and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."  Pioneer Inv. Servs. Co., 507 U.S. at 397 (citation and internal quotations omitted).